RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0970-16T2

K.L.D.,1

 Plaintiff-Respondent,

v.

J.D.,

 Defendant-Appellant.
__________________________

 Submitted October 11, 2017 – Decided November 6, 2017

 Before Judges Koblitz and Manahan.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Burlington
 County, Docket No. FD-03-0099-16.

 David Jay Glassman, attorney for appellant.

 K.D., respondent pro se.

PER CURIAM

 Defendant father, J.D., an active duty aviator in the United

States Navy stationed in New Jersey, appeals from the discretionary

1
 We use initials because J.D. is facing criminal charges involving
his daughter. R. 1:38-3(c)(9).
determination that Canada should have exclusive jurisdiction over

the custody and parenting time disputes of the parties. We affirm

substantially for the reasons expressed by Presiding Family Judge

John L. Call in his oral opinion of September 26, 2016, the same

date the order was signed.

 The parties were married in 2007 and remained in Florida

until 2013. Their first child, a daughter, was born in Florida

in 2010. J.D. was stationed in California later in 2013, where

the parties' son was born. The parties moved to New Jersey in

2015, when J.D.'s assignment changed. During the summer of 2015,

the parties separated, and on July 27, 2015, they entered into a

New Jersey consent order in the non-dissolution FD docket, which

provided for joint legal custody with plaintiff mother, K.D., as

the parent of primary residence. The consent order allowed her

to relocate with the children to Canada, and provided J.D. with

parenting time in both New Jersey and Canada. The children lived

for less than six months in New Jersey before moving to Alberta,

Canada in August 2015. J.D. indicates he intends to leave the

Navy in 2018, but plans to remain in New Jersey.

 With regard to jurisdiction, the parties' consent order

states in paragraph fourteen:2

 The parties acknowledge they do not have the
 authority to confer jurisdiction on any

2
 We reproduce this paragraph exactly as written.
 2 A-0970-16T2
 particular Court. As of the preparation of
 the present agreement, the parties acknowledge
 and agree that, pursuant to the UCCJEA,
 codified at N.J.S.A. 2A:34-53, et seq., New
 Jersey shall retain continuing, exclusive
 jurisdiction of the custody and parenting
 issues so long as Defendant remains in the
 State of New Jersey. It is anticipated by the
 parties that a divorce action will be filed
 in the State of Florida, assuming Florida will
 accept jurisdiction over the divorce action.
 At that time, the parties agree to discuss
 whether it is appropriate for jurisdiction
 over matters pertaining to the children should
 be reviewed.

 Defendant then filed for divorce in Florida asserting he "is

a resident of the State of Florida for purposes of dissolution of

marriage." The parties agreed by consent that Florida did not

have jurisdiction over the child-related issues.

 A Canadian warrant was subsequently issued for defendant's

arrest in connection with a criminal investigation into an alleged

sexual assault against his six-year-old daughter. Defendant

represented that the military was also conducting a concurrent

criminal investigation. Plaintiff filed an application in August

2016 for New Jersey to relinquish jurisdiction over the post-

divorce child-related issues to Canada. She provided a letter

from a Canadian attorney indicating Canada would accept

jurisdiction. Plaintiff pointed out that defendant had not at

that point exercised parenting time in New Jersey, but had spent

time with the children in Florida, where his parents reside.

 3 A-0970-16T2
Defendant alleged that plaintiff would not permit visits in New

Jersey. It was unclear at the motion hearing whether defendant's

parenting time had been suspended by any other court in connection

with the criminal proceedings.

 Judge Call addressed all eight factors of N.J.S.A. 2A:34-

71(b) governing the court's authority to decline jurisdiction

because New Jersey is an inconvenient forum. The provisions of

the statute cover foreign countries as well as states. N.J.S.A.

2A:34-57(a). The judge described how the facts in this case relate

to each factor. The children had lived in Canada for over a year

at the time plaintiff sought to transfer custody to Canada.

Information concerning their welfare was more accessible in

Canada. The parties' agreement also anticipated a possible change

of jurisdiction over the children's issues. In any event, consent

to jurisdiction is only one factor to be weighed in a

jurisdictional decision. See Peregoy v. Peregoy, 358 N.J. Super.

179, 184 (App. Div. 2003); N.J.S.A. 2A:34-71(b)(5).

 Given the Family Part's special expertise, we must accord

particular deference to fact-finding in family cases, and to the

conclusions that logically flow from those findings. Cesare v.

Cesare, 154 N.J. 394, 412-13 (1998). As Judge Call recognized,

the agreement between the parties concerning jurisdiction left

open the likelihood of a reassessment given a change of

 4 A-0970-16T2
circumstances. If J.D. were to go to Canada, he would have to

address the outstanding warrant, but he is not precluded from

entering Canada based on a conviction, as was true in S.B. v.

G.M.B., 434 N.J. Super. 463, 468 (App. Div. 2014).

 We therefor affirm the thoughtful decision of Judge Call to

relinquish jurisdiction of the issues involving the children to

Canada.

 Affirmed.

 5 A-0970-16T2